FILED
2022 Apr-11  PM 03:51
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA JASPER DIVISION

| | | |
|---|---|---|
| **DEMETRIUS JORDAN,** | ) | |
| | ) | |
| **PLAINTIFF(S),** | ) | |
| | ) | **Case No.:** |
| **V.** | ) | |
| | ) | |
| **DERRICK HOPSON, BRADLEY** | ) | **JURY TRIAL DEMANDED** |
| **HOWARD, SHALDON PARKER,** | ) | |
| **DARRELL FOX, AND LILLIE** | ) | |
| **WILLIFORD,** | ) | |
| | | |
| **DEFENDANT(S).** | | |

## COMPLAINT

COMES NOW, Demetrius Jordan, by and through undersigned counsel, and files this Complaint, and shows the Court as follows:

## JURISDICTION

1.   This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 to redress the deprivation of past and present violations of the fourth and fourteenth amendments to the Constitution of the United States.

2.   The jurisdiction of the Court is founded upon 28 U.S.C. § 1343(3) and (4).

3.   This Court is authorized to render declaratory relief pursuant to 28 U.S.C. § 2201 and § 2202, and Rule 57 of the Federal Rules of Civil Procedure.

4.   This Court is authorized to render and provide injunctive relief pursuant to 28 U.S.C. § 2283.

5.   This Court has jurisdiction over the plaintiffs' state law claims under the doctrine of pendent jurisdiction.

6.   All of the actions, omissions and events complained of herein took or take place in the Hamilton,  Marion County, Alabama, and within the venue of this Court.

**PARTIES**

7.   Plaintiff incorporates by reference and re-alleges each of the preceding paragraphs.

8.   Plaintiff, Demetrius Jordan, is a citizen of the United States, and a resident of Childersburg, Shelby County, Alabama.

9.   At all times relevant to this complaint, Jordan was an inmate at the Hamilton Aged and Infirmed facility in Hamilton Alabama.

10. Defendant, Derrick Hopson, is a resident of Guin, Marion County, Alabama.

11. At all material times, Defendant ("Hopson") was an employee of the Alabama Department of Corrections, working at the Hamilton Aged and Infirmed facility.

12. Hopson is sued in his individual capacity.

13. Defendant, Bradley Howard, is a resident of Muscle Shoals, Colbert County, Alabama.

14. At all material times, Defendant ("Howard") was an employee of the Alabama Department of Corrections, working at the Hamilton Aged and Infirmed facility.

15. Howard is sued in his individual capacity.

16. Defendant, Shaldon Parker is a resident of Fayette, Fayette County, Alabama.

17. At all material times Defendant ("Parker") was an employee of the Alabama Department of Corrections, working at the Hamilton Aged and Infirmed facility.

18. Parker is sued in his individual capacity.

19. Defendant, Darrell Fox, is a resident of Tuscumbia, Colbert County, Alabama.

20. At all material times, Defendant ("Fox") was an employee of the Alabama Department of Corrections, working at the Hamilton Aged and Infirmed facility.

21. Fox is sued in his individual capacity.

22. Defendant, Lillie Williford, ("Williford") is a and a resident of Hamilton, Marion County, Alabama.

23. At all relevant times, Williford was employed by the Alabama Department of Corrections, working at the Hamilton Aged and Infirmed facility.

24. Williford is sued in her individual capacity.

**FACTS**

25. Hamilton Aged and Infirmed is a medium security facility that houses people committed to the Department of Corrections because of their age or medical needs.

26. Corrections staff have a duty to provide assistance to inmates who are in need of protection from other inmates.

27. Jordan was assigned to Hamilton Aged and Infirmed facility to serve his sentence.

28. As an inmate in prison, Jordan relied upon corrections officials like the Defendant's to keep him safe from attacks from other prisoners.

29. The defendants, as correctional staff, had a duty to protect Jordan from harm at the hands of other inmates in conformance with Alabama Department of Corrections policies and The United States Constitution.

30. At some point after his arrival in the facility, Jordan was assigned to share a cell with James Morris.

31. From the start of the assignment, it became clear that Morris was exhibiting the signs and symptoms of a mental health condition.

32. Jordan, seeing the problems with his roommate, reported that he felt unsafe on more than one occasion before the incident alleged currently to Hopson, Howard, and Fox, but none of them took action to move him to a safer assignment.

33. On December 31, 2020, Morris was particularly agitated.

34. Jordan reported that Morris was agitated to Hopson, Howard, and Fox early in the day.

35. Jordan also reported the incident to Parker.

36. After nothing changed, Jordan, utilized the prison's inmate request and grievance form to report the issues he was having with his cell mate.

37. Jordan filled out the paper request and filed it with the warden as required under the prison's inmate grievance and request policy.

38. Despite the clear request for help, neither the warden, or any of the people assigned to safeguard Jordan's safety, took any action.

39. During the night of December 31, 2020, Jordan fell asleep in his cell with his clearly agitated and disturbed cell mate.

40. While Jordan was asleep, his cell mate, who had not been prevented from harming Plaintiff by any of the defendants poured scalding water and oil on Jordan.

41. The hot water and oil mixture caused severe pain and disfiguring injuries to Jordan's upper body including his arm.

42. Jordan suffered second and third degree burns on his arms and chest. Jordan had to be housed in the Health Care Unit to recuperate.

## **CLAIMS FOR RELIEF**

## COUNT I 42 U.S.C. § 1983 FAILURE TO PROTECT- AGAINST ALL DEFENDANTS EIGHTH AND FOURTEENTH AMENDMENTS

43. Plaintiff incorporates by reference and re-alleges each of the preceding paragraphs.

44. The defendants, individually and collectively, knew that Jordan was in danger of being assaulted by Morris.

45. Plaintiff reported his concern for his safety verbally.

46. Plaintiff filled out the Grievance form asking for help because he was in danger of being assaulted by Morris.

47. The Defendants were deliberately indifferent to the Plaintiff's health, and safety breached their duties owed to the Plaintiff when they failed to intervene after Plaintiff reported that his cell mate was becoming violent.

48. Because of the Defendants' deliberate indifference Plaintiff was harmed, suffering severe burns, pain, suffering and disfigurement.

## COUNT II NEGLIGENCE UNDER ALABAMA STATE LAW

49. Plaintiff incorporates by reference and re-alleges each of the preceding paragraphs.

50. The Defendants, correctional employees, had a duty to protect Jordan from physical abuse from his cellmate under the United States Constitution.

51. Alabama Department of Corrections policies and procedures require the Defendants to safeguard Plaintiff and others like him from physical assaults by other inmates.

52. Defendants, despite being warned that Plaintiff's cell mate was becoming violent and agitated, failed to take action to prevent Plaintiff from being harmed.

53. As a result of Defendants' failure to intervene to protect Plaintiff, his cell mate attacked Plaintiff pouring a mixture of hot water and oil on Plaintiff while he was in his bed.

54. As a result of the attack, Plaintiff suffered severe burns, pain and disfigurement.

WHEREFORE, Plaintiff prays this Court to grant the following relief:

A. Award to the Plaintiff compensatory damages for the deprivation of one or more of the constitutional rights of the Plaintiff;

B. Award to the Plaintiff punitive damages against each defendant.

C.  Award plaintiff interest to commence from injury; and,

**D.** Grant such other relief as law and equity allows, including costs and reasonable attorney's fees under 42 U.S.C. § 1988.

Kira Fonteneau (FON007)

**OF COUNSEL**
Barrett & Farahany
2 North 20th St, Suite 900
Birmingham, AL 35203
kira@justiceatwork.com
fonteneau@justiceatwork.com

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

**Please Serve Defendants as follows:**

Derrick Hopson
6655 County Highway 69
Guin AL 35563

Bradley Howard
305 W Michigan Ave.
Muscle Shoals, AL 35661

Shaldon Parker
1665 3rd Ave. NW
Fayette, AL 35555

Darrell Fox
710 N. High St.
Tuscumbia, AL 35674

Lillie Williford
24935 US Highway 43
Hamilton, AL 35570

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
## JASPER DIVISION

| | | |
|---|---|---|
| **DEMETRIUS JORDAN,** | ) | |
| | ) | |
| **PLAINTIFF(S),** | ) | |
| | ) | **Case No.:** |
| **V.** | ) | |
| | ) | |
| **DERRICK HOPSON, BRADLEY** | ) | **JURY TRIAL DEMANDED** |
| **HOWARD, SHALDON PARKER,** | ) | |
| **DARRELL FOX, AND LILLIE** | ) | |
| **WILLIFORD,** | ) | |
| | | |
| **DEFENDANT(S).** | | |

## CONFLICT DISCLOSURE STATEMENT

COMES NOW the Plaintiff, Demetrius Jordan, through the undersigned attorney of record, and under the Order of this Court, making the following disclosure about parent companies, subsidiaries, partners, limited liability entity members, and managers, trustees (but not trust beneficiaries), affiliates, or similar entities reportable under the District of Alabama's Order:   **This party is an individual.**

Respectfully submitted on April 11, 2022.

_____
Kira Fonteneau (FON007)

**OF COUNSEL:**

Barrett & Farahany
Two 20th N. St. Suite 900
Birmingham AL 35203
fonteneau@justiceatwork.com